IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EVE ESCOBEDO, | § § § | |
| *Plaintiff,* | § § § | 5:24-CV-01363-OLG-RBF |
| vs. | § § § | |
| ROGELIO CARLOS GONZALEZ, | § § § | |
| *Defendant.* | § § § § § | |

## **ORDER**

Before the Court is *pro se* Plaintiff Eve Escobedo's Motion to Recuse Magistrate Judge for Bias and Violations of Due Process. Dkt. No. 28. Authority to enter this Order stems from 28 U.S.C. § 636(b)(1)(A).

Liberally construed, *see Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023), Plaintiff's *pro se* motion asserts that recusal is required under 28 U.S.C. §§ 455(a). It is not. Plaintiff's Motion to Recuse Magistrate Judge for Bias and Violations of Due Process, Dkt. No. 28, lacks merit and is **DENIED.**

### **Legal Standard**

Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. In these circumstances, the decision whether to recuse under § 455 is committed to the sound discretion of the court that is the target of the recusal request. *See, e.g., Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012). The Supreme Court has explained that "[t]he recusal inquiry must be made from the perspective of a reasonable observer

who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 924 (2004) (emphasis omitted). The Fifth Circuit has interpreted that mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). "Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety." *Ayati-Ghaffari v. JPMorgan Chase Bank, N.A.*, No. 4:18-CV-483, 2019 WL 452756, at *1 (E.D. Tex. Feb. 5, 2019).

**Analysis**

Plaintiff alleges several grounds for recusal, including lack of consent to magistrate judge jurisdiction, violations of due process, improper bias, and her right to an Article III judge. These grounds all fail to establish that recusal is warranted.

Plaintiff's "lack of consent to magistrate jurisdiction," Mot. at 3, is not a valid ground upon which to seek or obtain recusal. Plaintiff cites 28 USC § 636(c)(1), and states that she did not provide consent "for [the magistrate judge] to preside over dispositive matters." *Id*. Accordingly, "any orders issued by the magistrate judge without such consent, including the denial of Plaintiff's motion to amend the complaint and the administrative closure of the case, are void." *Id*.

As an initial matter, the magistrate judge has not presided over any dispositive matters. Moreover, the Federal Magistrates Act, 28 U.S.C. § 636, empowers "a [district] judge [to]

designate a [] magistrate judge to hear and determine any pretrial matter pending before the court, except [certain dispositive motions]" and further "permits a judge [to] designate a [] magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for or the disposition, by a judge of the court, of any [of those excepted] motion[s]." 28 U.S.C. § 636(b)(1)(A)-(B).

The Local Rules also provide district judges with wide latitude in referring matters and motions for a magistrate judge to address. *See* W.D. Tex. Local Rule CV-72 Magistrate Judges. The fact that the Plaintiff has not consented to proceed before a magistrate judge *for all purposes* does not affect the District Court's power to refer to the magistrate judge non-dispositive matters for resolution and dispositive matters for a report and recommendation. *See id.*; 28 U.S.C. § 636(b) & (c); *see also Lineberry v. United States*, 436 F. App'x 293, 295 (5th Cir. 2010) (per curiam) (affirming dismissal of pro se plaintiff's claim premised on the notion that a lack of consent meant the "magistrate judge lost all jurisdiction"). Finally, Plaintiff offers no explanation for why the matters she complains of could warrant recusal. Even if she were correct in her misguided assertions about referrals to the magistrate judge, which she is not, the remedy available to Plaintiff is an appeal or objection, not recusal. Plaintiff's arguments are meritless and reflect a fundamental misunderstanding of the governing law.

Plaintiff's alleged "Violations of Due Process Rights And Bias" are equally misguided. *See* Mot. at 3. Citing the Fifth Amendment Due Process Clause, Plaintiff asserts that "[t]he assignment of dispositive matters to a magistrate judge without Plaintiff's consent violates this fundamental right." *Id*. This argument fails at the outset because the district court has not referred any dispositive matters. *See* Dkt. No. 5 (Order of Referral). And even if any such

matters were referred (or even ruled upon by the magistrate judge), Plaintiff's remedy would be an appeal or objection to the District Court, not recusal.

Next, Plaintiff's motion further alleges bias, which liberally construed requires analysis under 28 U.S.C. § 455(a). "A party proceeding under this section must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *In re Billedeaux*, 972 F.2d 104, 105 (5th Cir. 1992) (quotation omitted). "A remote, contingent, or speculative interest is not one which reasonably brings into question a judge's partiality." *Id*. at 106 (quotation omitted). "[A]dverse rulings or comments by a judge will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *United States v. Brocato*, 4 F.4th 296, 302 (5th Cir. 2021) (quotation omitted).

Escobedo has not provided any allegations of extrajudicial bias; instead, she lists three rulings from the case. She first takes issue with the Order Setting an Initial Pretrial Conference, Dkt. No. 10, invoking the supposed lack of magistrate judge jurisdiction as the basis for her complaints. But, as already discussed, there is jurisdiction here for a magistrate judge to order and hold an initial pretrial conference. Plaintiff next cites the Order Denying Plaintiff's Motion to Amend Complaint. Dkt. No. 11. While Escobedo may have grievances with this ruling, no reasonable observer would find that this order is the result of or demonstrates impermissible bias. Instead, as the order states, Escobedo's motion was denied for a failure to follow Local Rule 7, which requires parties to submit the amended pleadings with their motion for leave. *See id*. As Defendants had already filed a motion to dismiss without a reply, this order gave Plaintiff fourteen additional days to properly refile her amended complaint or otherwise answer the motion. *Id*. Far from reflecting bias against Plaintiff, the order in fact extended grace to Plaintiff

by allowing her to refile the motion and amend her pleadings. Third, Plaintiff seems to take issue with the Court's Order Imposing a Stay and Administrative Closure. Dkt. No. 23. Whether to impose a stay is in the Court's discretion, and "[t]he effect of an administrative closure is no different from a simple stay." *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004). The parties are able to file documents and motions notwithstanding the administrative closure, and the case may be unstayed by motion by either party, or at the Court's discretion, *see* Dkt. No. 23. Given the course of the litigation and Plaintiff's various meritless filings, a stay reflects effective case management rather than bias. Plaintiff has the burden to show bias beyond a speculative and remote grievance, and she has failed to do so.

Finally, Plaintiff cites her "Right to an Article III Judge" as a ground for recusal. For all the reasons stated above, this rationale fails. *See Hernandez v. Sullivan*, 757 F. Supp. 795, 797 (W.D. Tex. 1991) ("The law is very clear that when a frivolous request for recusal is filed, it should be promptly and firmly denied.") (citation omitted).

## Conclusion

Plaintiff's Motion to Recuse Magistrate Judge for Bias and Violations of Due Process, Dkt. No. 28, lacks merit and is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 2nd day of April, 2025.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE