IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

EVE ESCOBEDO,                       §
                                    §
            *Plaintiff,*             §                    5:24-CV-01363-OLG-RBF
                                    §
vs.                                 §
                                    §
ROGELIO CARLOS GONZALEZ,            §
                                    §
            *Defendant.*             §
                                    §
                                    §
                                    §

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Orlando Garcia:**

This Report and Recommendation concerns Defendant's Motion to Dismiss, which is premised on Rules 12(b)(1) and (b)(6). *See* Dkt. No. 8 (Mot.). This case was referred by the District Judge for disposition, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 5. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Defendant's Motion to Dismiss, Dkt. No. 8, should be **GRANTED**.

### Factual and Procedural Background

Pro se Plaintiff Eve Escobedo sued Defendant Rogelio Carlos Gonzalez on November 26, 2024, invoking both federal and state law. The complaint thus invokes 28 U.S.C. §§ 1331 & 4101, 29 U.S.C. § 1367, and 5 U.S.C. 552a, as well as the 4th and 14th Amendments of the U.S. Constitution. It also alleges intentional infliction of emotional distress and violations of the Texas Deceptive Trade and Practices Act ("DTPA").

The dispute centers on a real-estate transaction in which Defendant Gonzalez acted as a realtor for Plaintiff Escobedo and her spouse. The timeline and many of the details of the events at issue are difficult to discern from the pleadings. As best the Court can ascertain, Escobedo received an offer from a buyer for the sale of one of her properties. Dkt. No. 1 ("Compl."); Mot. Ex. A (Gonzalez Decl.). After receiving the offer, Escobedo amended her disclosures to include for the first time an explanation that a death had recently occurred in the home due to a "disturbance in the home." Mot. Ex. C. Gonzalez, in turn, informed the potential buyer of the new disclosure. *See* Compl. at 3; Gonzalez Decl. at 1. Escobedo alleges that in so doing, Gonzalez falsely stated to the potential buyer that the death involved criminal activity. *See* Compl. at 3. Escobedo additionally alleges that Gonzalez "steered the Plaintiff [*i.e.*, Escobedo] to consider the property value decreasing approximately $100,000.00 due to this incident, and to align with an offer the realtor was presenting." *Id.*

Defendant filed a Motion to Dismiss under Rule 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, the Court recommends that this Motion be **GRANTED** and that the case be **DISMISSED**.

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a civil claim must be "dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quotation omitted). Lack of subject matter jurisdiction may be found based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). It is "the plaintiff [who]

constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* A court should consider a Rule 12(b)(1) motion first, before addressing any alleged failure to state a claim. *See Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 455 (5th Cir. 2022).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal based on the "failure to state a claim upon which relief can be granted." To survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In reviewing the Rule 12(b)(6) motion, the Court must and will "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation marks and citation omitted). The Court, however, need "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) (citing *Iqbal*, 556 U.S. at 678).

## Analysis

A court typically will consider Rule 12(b)(1) jurisdictional arguments before proceeding to assess Rule 12(b)(6) arguments. Here, however, Defendant presents the arguments as though they are intertwined. Although the Court addresses the issues together at times, the Court is cognizant of the Rule 12(b)(1) and 12(b)(6) standards and their differences.

As discussed further below, Plaintiff Escobedo fails to plead a viable claim under federal law. The Court, therefore, lacks jurisdiction over any federal claim and should decline to exercise supplemental jurisdiction over any state law claims.

**A.    Plaintiff's Claims Under 28 U.S.C. §§ 552a & 4101 Are Frivolous.**

Plaintiff appears to press claims under 28 U.S.C. § 552a and § 4101, but neither provision even remotely could apply here.

Section 552a of the Privacy Act of 1974 applies to federal agencies and their handling of personal information. Escobedo has not sued a federal agency or explained how this provision provides a right of action enforceable by Escobedo against an individual like Gonzalez. Title 28 U.S.C. § 4101 controls the enforcement of foreign judgments. There is no foreign judgment at issue. These frivolous claims, such as they are, warrant dismissal under Rule 12(b)(6).

**B.    Plaintiff's Remaining Federal Claims Should Be Dismissed.**

**1.**    *Plaintiff pleads no viable claim under the Fourteenth Amendment.* The complaint alleges racial discrimination under the Fourteenth Amendment for "the violation of equal protection based on race and gender." Compl. at 1. But it is well settled that the Fourteenth Amendment applies only to state action. *Congress of Racial Equality v. Clemmons*, 323 F.2d 54, 62 (5th Cir. 1963) ("It is still the law that the Fourteenth Amendment . . . [applies] only when there is state action.") (citation omitted). Thus, to show the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must point to state action, which Plaintiff has failed to do. *See Doe v. Rains County Indep. Sch. Dist.,* 66 F.3d 1402, 1406 (5th Cir. 1995). This claim fails under Rule 12(b)(6).

Plaintiff's effort to conjure a § 1983 claim fails for similar reasons. To begin, the live complaint contains no allegations of a § 1983 claim or state action capable of supporting one. *See*

4

*generally* Compl. It is only in Plaintiff's February 14, 2025, response to the Motion to Dismiss that she states that she "asserts claims under 42 U.S.C § 1983." Resp. at 2. But in so doing, Plaintiff Escobedo complains only of conduct taken by a private individual, Defendant Gonzalez. The complaint alleges no facts capable of supporting her later allegations that Defendant's conduct constituted any form or method of state action.

The Response also invokes 42 U.S.C. § 1983 in connection with new allegations that Defendant conspired with state actors to deprive Plaintiff of her constitutional rights. Allegations in a response are not part of a complaint. Here, moreover, Plaintiff was afformed an opportunity to amend her complaint, which she eschewed. She cannot proffer new allegations in response to a motion to dismiss.

And even if the Response's new allegations could be considered, they still would not suffice to state a claim. Although it is true that a private individual could potentially be held liable via § 1983 if the "private person is involved in a conspiracy or participates in joint activity with state actors," *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005), Plaintiff's allegations of a conspiracy here are insufficient. Plaintiff's response merely concludes, without any supporting alleged facts, that Defendant "worked with [unnamed] state actors to suppress Plaintiff's legal filings and obstruct her access to the courts," that "Defendant manipulated judicial proceedings," and that Defendant conspired with "judicial entities." Resp. at 3. These bare conclusions, unsupported by any alleged facts capable of showing an actual agreement or conspiracy of any kind, are insufficient to plausibly claim that the Defendant conspired with a state actor. *See Twombly*, 550 U.S. at 555 (stating that a plaintiff is obligated to "provide the 'grounds' of [their] 'entitle[ment] to relief' [which] requires more than labels and conclusions"); *see also Iqbal*, 556 U.S. at 664 ("A court considering a motion to dismiss may begin by identifying allegations that,

because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

        **2.**    *No valid claims are pleaded under the Federal Fair Housing Act.* Defendants recognize that Plaintiff may be attempting to plead a claim under the Fair Housing Act. Mot. at 6. Plaintiff fails to state a claim under the Fair Housing Act.

        The Fair Housing Act statute (FFHA), 42 U.S.C. §§ 2601-3619, addresses unlawful discrimination in the sale or rental of housing because of race, color, religion, sex, familial status, or national origin or handicap in several specific scenarios. These prohibited activities include, among others,

> To refuse to rent after the making of a bona fide offer because of race or color; To refuse to negotiate for the rental of an apartment because of race or color; To otherwise make unavailable or deny an apartment to someone because of race or color; To make, or cause to be made, any statement with respect to the rental of apartments that indicates any preference, limitation, or discrimination based on race or color, or any statement that indicates an intention to make any such preference, limitation or discrimination.

HDISPRMAN APP 4BB, Housing Discrimination Practice Manual. To prevail under the Fair Housing Act, the plaintiffs must prove by a preponderance of the evidence that one or more of the specified acts or practices were committed by one or more of the defendants, and that race or color was a motivating factor for the act or acts. *See id*.

        Plaintiff pleads no facts capable of showing Defendant committed any act prohibited under the Fair Housing Act. As stated in Defendants' Motion, "Escobedo only complains about what Defendant realtor advised, which has nothing to do with the types of suits brought under the [Fair Housing Act]." Mot. at 8. In other words, Escobedo wasn't selling or renting housing, and Escobedo is never in the live complaint alleged to have taken any action that could even remotely

be construed as having been on account of Plaintiff's membership in a class protected under the Fair Housing Act.

        **3.**     *No viable claim is pleaded under the Fourth Amendment.* Plaintiff complains of a violation stemming from "Public Disclosure of Private Facts and unreasonable intrusion upon seclusion," Compl. at 3-4, and states that Defendant violated her right to privacy "as protected under the Fourth Amendment [which] secures individuals against unreasonable searches and intrusions by private or government entities." *Id*. at 3. To the extent this is an effort to state a Fourth Amendment claim, it fails.

Federal courts have "consistently construed [the Fourth Amendment] as proscribing only governmental action; it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the [g]overnment or with the participation or knowledge of any governmental official.'" *United States v. Johnlouis*, 44 F.4th 331, 335 (5th Cir. 2022) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). As Plaintiff pleads no facts involving a search or seizure by a state actor, or with any involvement by a state actor, she fails to state a Fourth Amendment claim.

Further, invasion of property, intrusion upon seclusion, and public disclosure of private facts would, at best, fall under the category of state law claims. Because the Court declines to exercise jurisdiction over any such claims, assuming only for argument's sake that even one valid state law claim is pleaded, these allegations do not rescue Plaintiff's case.

      **C.**     **Any Viable State Law Claims Should Be Dismissed Without Prejudice.**

The Court should decline to exercise jurisdiction over any viable state law claims. Federal courts have broad discretion to exercise supplemental jurisdiction over state law claims once all federal law claims have been dismissed. *See* 28 U.S.C. § 1367(c)(3); *Noble v. White*, 996 F.2d 797,

799–800 (5th Cir. 1993). A court may decline to exercise supplemental jurisdiction over a state law claim if:

(1)    the claim raises a novel or complex issue of State law,
(2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3)    the district court has dismissed all claims over which it has original jurisdiction, or
(4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Courts may consider other factors when determining whether to exercise supplemental jurisdiction, including "judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011). Here, both the statutory and additional factors weigh against the Court exercising supplemental jurisdiction. In particular, state law claims predominate in that there are no viable federal claims. Indeed, the "general rule in this Circuit" is that "[w]hen all federal claims are dismissed prior to trial, . . . the district court [should] decline exercising jurisdiction over the remaining state law claims." *Aikens v. Cedar Hill Indep. Sch. Dist.*, No. 3:19-cv-69, 2020 2020 WL 1550800, at *2 (N.D. Tex. Mar. 31, 2020) (cleaned up); *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . .").

Given that this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, it would be improper for it to comment upon the substantive merits of those claims, and the claims should be dismissed without prejudice to being raised in state court. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties,

by procuring for them a surer-footed reading of applicable law."). Accordingly, Defendant's substantive seeking to dismiss the remaining state law claims, Mot. at 12, will not be addressed.

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss, Dkt. No. 8, be **GRANTED**.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 18th day of November, 2025.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE